**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MALIK NASIR,

    Defendant.

Crim. No. 16-15-LPS

At Wilmington this **20th** day of **December, 2016**:

1.    On February 23, 2016, a federal grand jury indicted Defendant, Malik Nasir ("Defendant" or "Nasir"), on three counts, relating to drug distribution and unlawful possession of a firearm.  (D.I. 1)

2.    On July 21, 2016, Nasir filed a motion to suppress "all evidence gathered by the United States pursuant to the unlawful search and seizure of the defendant, his home and his vehicles, on or about December 22, 2015."  (D.I. 28 at 1)

3.    The Court held an evidentiary hearing on the motion to suppress on September 7, 2016.  (*See* D.I. 38)  During the hearing, the government introduced as an exhibit a copy of Nasir's rental agreement with Liberto Rentals LLC, dated March 10, 2015, which indicates that Nasir rented unit no. C43 at the facility.  (D.I. 35 at 7 of 7; *see also* D.I. 38)  By contrast, the December 21, 2015 affidavit presented by officers of the Delaware State Police to the Justice of the Peace Court sought a warrant to search unit C69.  (*See, e.g.*, D.I. 30-1)

4.    On October 16, 2016, Nasir filed a Motion for Hearing (D.I. 35) pursuant to

1

*Franks v. Delaware*, 438 U.S. 154 (1978). In his Motion for Hearing, Nasir states that "no explanation for this discrepancy [between the affidavit reference to C69 and the rental agreement's reference to C43] was provided" at the September 7 evidentiary hearing. (D.I. 35 at 3) Nasir contends that the affidavit supporting the warrant was "based on a reckless disregard for the truth," that the purported misidentification of the correct unit number was "essential to the finding of probable cause," and that all evidence found as a result should be suppressed. (*Id.* at 3-4)

5.      The Fourth Amendment to the U.S. Constitution "prohibits the intentional or reckless inclusion of a material false statement (or omission of material information) in a search-warrant affidavit." *United States v. Pavulak*, 700 F.3d 651, 665 (3d Cir. 2012). In *Franks*, the Supreme Court held that, under certain circumstances, defendants are entitled to an evidentiary hearing to "challenge the truthfulness of facts alleged in support of a search-warrant application." *Id.* (citing *Franks*, 438 U.S. at 164-65).

6.      A *Franks* hearing is appropriate when a defendant (i) makes a "substantial preliminary showing that the affiant knowingly or recklessly included a false statement in or omitted facts from the affidavit," and (ii) demonstrates that the "false statement or omitted facts are necessary to the finding of probable cause." *Id.* (internal quotation marks omitted).

7.      Some courts have held so-called "pre-*Franks*" evidentiary hearings in order to determine whether the requirements for a *Franks* hearing have been met and whether a full *Franks* hearing is appropriate. *See, e.g.*, *United States v. Wade*, 628 F. App'x 144 (3d Cir. 2015); *United States v. Glover*, 755 F.3d 811, 821 (7th Cir. 2014) ("If a defendant falls short of the showing required for a *Franks* hearing, the district court has discretion to hold a 'pre-*Franks*

2

hearing,' to allow for the defendant to supplement his submissions.").

8.      On October 24, 2016, the government responded to Nasir's Motion for Hearing. (D.I. 39) Attached to the government's response is an exhibit entitled, "Transfer Receipt," dated March 27, 2015, purportedly showing Nasir's relocation from unit C43 to unit C69. (*See* D.I. 39 at 4) The government represented that it had provided Nasir a copy of the Transfer Receipt on October 3, 2016. (*Id.* at 2 n.1)

9.      On November 22, 2016, the Court held a telephone conference with the parties. The Court later issued an order setting a hearing for tomorrow, December 21, 2016, and directing the parties to submit, in advance of the hearing, their position(s) as to how the hearing should proceed. (D.I. 41)

10.     On December 16 and 19, 2016, the parties filed letters with the Court. (D.I. 44, 45) Neither party requests a pre-*Franks* hearing. The government seeks an opportunity to supplement the September 7 hearing record and "clarify the record." (D.I. 45 at 1) Nasir argues that the suppression record should remain closed. He adds that any reliance by the government on the Transfer Receipt would contradict the warrant affidavit and testimony provided during the September 7 hearing. (*See* D.I. 44 at 2 ("[Sergeant Skinner] . . . was unaware of the existence of the subject agreement at the time he applied for the warrant. . . . Sergeant Skinner sought a warrant for storage unit C-69, based on the rental agreement for Unit C-43.")) Nasir further contends that the government lacks a reasonable explanation as to why the Transfer Receipt was not introduced at the September hearing. Nasir argues that his motion for a *Franks* hearing should be granted. (D.I. 44)

11.     Both sides agree that the Court has discretion to supplement the record that was

3

developed at the September hearing on the motion to suppress. (*See* D.I. 44 at 1-2; D.I. 45 at 2)
The Court has determined that the appropriate exercise of its discretion is to permit the
government to supplement the record. At the hearing tomorrow, the government will be
permitted to introduce (through a witness) the Transfer Receipt, and that witness will be subject
to cross-examination, on topics including any purported explanation and justification for the
delay in producing the Transfer Receipt. As the Court has not yet ruled on the suppression
motion – and, indeed, the motion has not been fully briefed – the Court deems it most
appropriate to give the government the opportunity it requests to "clarify" the record. (D.I. 45 at
1 n.1) Should Defendant wish to supplement the record, he will be permitted to do so as well.

      12.    Nasir's Motion for Hearing is DENIED. Nasir has not made the required
"substantial preliminary showing" of any falsehood – intentional or otherwise – in the affidavit
supporting the warrant application. Nasir contends that the warrant was "based on" the rental
agreement (D.I. 44 at 2), but this is not (at least yet) evident from the record. The affidavit states
that "the [facility] owner advised that he had a tenant who was renting storage unit C69," before
the affidavit mentions the rental agreement. (D.I. 30-1 at 5 of 11) The rental agreement in the
record contains the notation "C69" handwritten at the bottom.[1] Again, the government's witness
will be subject to cross-examination at the hearing tomorrow. If Nasir believes he has a basis for
renewing his request for a *Franks* hearing following the completion of the government's
supplementation of the record, he is free to make such a request.

---

    [1]The Court recognizes that the origin of this notation is unknown and that it is possible
that the notation was not on the original agreement as provided to law enforcement. (*See* D.I. 38
at 46 ("Q. Is it possible somebody from your office wrote the letters C69 on the bottom of this
agreement? A. That could be possible, yes."))

13.    At the hearing tomorrow, the parties should also be prepared to discuss a schedule

for completion of the briefing on the motion to suppress.

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE