IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MALIK NASIR,<br><br>Defendant. | Crim. No. 16-15-LPS |

## MEMORANDUM ORDER

### I. BACKGROUND

On February 23, 2016, a federal grand jury indicted defendant Malik Nasir ("Defendant" or "Nasir") on three counts relating to drug distribution and unlawful possession of a firearm. (D.I. 1) A jury trial will begin on June 7, 2017. (*See* D.I. 62) On May 9, 2017, Nasir filed a motion to dismiss (D.I. 64) and, alternatively, sought a change in venue (D.I. 63).

### II. DISCUSSION

#### A. Motion to Dismiss

Nasir moves to dismiss the indictment based on an allegation of "selective prosecution." (D.I. 64 at 1) "A decision to prosecute is selective and violates the right to equal protection when it is made on a discriminatory basis with an improper motive." *United States v. Schoolcraft*, 879 F.2d 64, 68 (3d Cir. 1989). A defendant alleging selective prosecution must come forward with evidence that "similarly situated" individuals have not been prosecuted, and that the decision to prosecute "was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor." *United States v. Taylor*, 686 F.3d 182, 197 (3d Cir. 2012) (internal quotation marks omitted).

Nasir offers no evidence for his allegation other than the fact that he is African-American (*id.* at 1), along with an unsupported assertion that "the investigation and prosecution in this case was based entirely" on that fact (*id.* at 3). He does not even attempt to identify similarly situated individuals who have not been prosecuted. On this record, the motion must be denied. *See Taylor*, 686 F.3d at 197 (defendant bears burden of proof, and must offer "clear evidence sufficient to overcome the presumption of regularity that attaches to decisions to prosecute") (internal quotation marks omitted).

**B.  Venue**

Nasir, citing "pretrial publicity" (D.I. 63 at 2), urges the Court to transfer this case to another district. Given a defendant's constitutional right to an impartial jury, courts are required to transfer a criminal proceeding when "so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." *United States v. Matusiewicz*, 2014 WL 2446064, at *2 (D. Del. May 29, 2014) (internal quotation marks omitted). A presumption of prejudice "sufficient to warrant a change of venue" arises "'where media or other community reaction to a crime or a defendant engenders an atmosphere so hostile and pervasive . . . as to make it apparent that even the most careful *voir dire* process would be unable to assure an impartial jury." *Id.* (internal quotation marks omitted).

Here, the only "pretrial publicity" Nasir points to is a December 24, 2015 article in *The News Journal* regarding his arrest and charges.[1] Nasir provides no explanation for why he believes that "he cannot receive a fair and impartial trial in the District of Delaware" in light of

---

[1]*See* Brittany Horn, *Police: Dover man found with drugs, firearms,* The News Journal (December 24, 2015), http://www.delawareonline.com/story/news/crime/2015/12/24/police-dover-man-found-drugs-firearms/77876194/.

2

this minimal, long ago media coverage. (D.I. 63 at 2) The Court will deny the motion.

## III. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED THAT**:

1. Defendant Malik Nasir's motion to dismiss the indictment (D.I. 64) is **DENIED**.

2. Defendant Malik Nasir's motion to change venue (D.I. 63) is **DENIED**.

May 19, 2017
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE