IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Crim. No. 16-15-LPS |
| MALIK NASIR, | : |
| Defendant. | : |

## MEMORANDUM ORDER

At Wilmington this **16th** day of **May, 2018**, having considered Defendant Malik Nasir's ("Defendant" or "Nasir") Motion for a New Trial and Motion for Judgment of Acquittal Notwithstanding Verdict (D.I. 115) ("Motion"); and Motion for New Trial, Motion to Supplement Defendant's Motion for New Trial, and Motion for Reconsideration of Motion to Suppress Evidence (D.I. 123) ("Supplemental Motion"),

**IT IS HEREBY ORDERED** that Nasir's motions (D.I. 115, 123) are **DENIED**.

1. On June 8, 2017, Nasir was found guilty by a jury of maintaining a storage unit for the purpose of distributing marijuana, possession with intent to distribute marijuana, and possession of a firearm by a person prohibited. (*See* D.I. 81) After the close of the government's case, Nasir had moved for a judgment of acquittal, contending the evidence presented on possession was insufficient to support a guilty verdict. (*See* D.I. 96 at 321-22) The Court denied the motion. (*See id.* at 322-23) After the jury returned its verdict, Nasir renewed his motion, which the Court again denied. (*See id.* at 413) On March 7, 2018, Nasir filed his Motion, moving for a new trial and judgment of acquittal pursuant to Federal Rules of Criminal

Procedure 33 and 29. (See D.I. 115) After a status conference on April 16, 2018, during which Defendant confirmed that he wished to continue being represented by counsel, Nasir filed his Supplemental Motion. (See D.I. 123)

2. Defendant's Motion is untimely. Federal Rule of Criminal Procedure 33 allows the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." Unless based on newly discovered evidence, Rule 33 motions "must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b). Under Federal Rule of Criminal Procedure 29, a defendant may move for the Court to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Such motions must be made or renewed "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). Here, the jury returned its guilty verdict on June 8, 2017, making Nasir's motions due on June 22, 2017. (See D.I. 81) Nasir's Motion was not filed until March 7, 2018, more than eight months past the deadline. (See D.I. 115) Thus, as Defendant concedes, his Motion is untimely. (See D.I. 115 at 3)

3. Despite this untimeliness, Defendant contends that the Court should accept his Motion under an exception for "excusable neglect," citing Federal Rule of Criminal Procedure 45. Rule 45 provides that "[w]hen an act must or may be done within a specified period, the court . . . may extend the time . . . after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). Assessing "excusable neglect" requires an equitable analysis based on "all relevant circumstances," including "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and

whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Stutson v. United States*, 516 U.S. 193, 196 (1996) (indicating factors apply in criminal cases). The burden is on the movant to establish excusable neglect. *See Jones v. Chemetron Corp.*, 212 F.3d 199, 205 (3d Cir. 2000).

4. Assuming without deciding that an "excusable neglect" exception exists in this context, Nasir has failed to establish that a totality of the circumstances supports a finding of excusable neglect. The government will be prejudiced by Nasir's late filing, as it threatens the parties' and the Court's ability to proceed to sentencing (scheduled for later this month). *See Stutson*, 516 U.S. at 197 (emphasizing importance of judicial efficiency and finality). Moreover, discovery may be required to evaluate the full range of Nasir's claims, which largely relate to the effectiveness of counsel. The length of the delay is substantial, as Nasir's Motion was filed at least eight months late. Nasir has not proven that the reasons for delay were beyond his control. Nasir has proceeded with different counsel and contends that the reason for the delayed filings was his earlier counsel's ineffectiveness. (*See* D.I. 115 at 5) (contending trial counsel failed to file Rule 29 and 33 motions, despite Nasir's desire for him to do so) However, Nasir has put forth no evidence substantiating his claims, and in any event, Nasir's current counsel was appointed in September 2017, and yet another five months passed before Nasir's Motion was filed. (*See* D.I. 99 at 5-6) Even crediting Nasir's reasoning for the delay would not, in totality, support a finding of excusable neglect. Similarly, Nasir has not established that he acted in good faith, but, even assuming he did, the totality of the circumstances does not give rise to a finding of excusable neglect. Nasir's circumstances are by no means extraordinary and no injustice will result from this case proceeding to sentencing (and thereafter to appeal, should Defendant wish to

pursue one). *See Consol. Freightways Corp. of Del. v. Larson*, 827 F.2d 916, 918 (3d Cir. 1987) (emphasizing that standard for excusable neglect is "strict" and "applies only to extraordinary cases where injustice would otherwise result") (internal quotation marks omitted). Accordingly, Nasir has not met his burden of showing that the interests of justice, and the equities generally, require reaching the merits of his claims.

5. This conclusion is confirmed by the fact that Defendant's Motion is largely based on claims of ineffective assistance of counsel and, thus, is premature. (*See* D.I. 115 at 5 n.5, 10-14) Ineffective assistance of counsel claims are generally not ripe on direct review, but rather are to be presented, if at all, on collateral review. *See United States v. Kennedy*, 354 F. App'x 632, 637 (3d Cir. 2009) ("[R]arely, if ever, should an ineffectiveness of counsel claim be decided in a motion for a new trial or on direct appeal."); *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003) ("It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack."). To the extent the Court has discretion to handle such claims at this stage, Nasir has not presented the Court with a persuasive reason to do so.

6. Defendant also challenges the Court's legal rulings, particularly the denial of Nasir's motion to suppress. (*See* D.I. 115 at 14-15) Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293,

295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. A motion for reconsideration may be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

7. Apart from being untimely, Defendant's Motion does not meet any of the conditions under which reconsideration is granted. Nasir presents no intervening change in the law and no newly available evidence. Further, there is no need to correct an error of law or prevent manifest injustice. Nasir's disagreement notwithstanding, the Court continues to believe it made the correct legal rulings. Defendant will have an opportunity to challenge the Court's rulings in his direct appeal, which he can pursue only after sentencing takes place.

8. Finally, Defendant's Supplemental Motion does not alter the outcome. As an initial matter, it is inappropriately raised. Nasir filed the Supplemental Motion as three *pro se* motions. (*See* D.I. 123 at 10 of 23 (signing motion "Malik Nasir, Pro Se"); *id.* at 18 of 27 (claiming "defendant [Nasir] was permitted to proceed pro se"); *id.* at 24 of 27 ("NOW COMES, Malik Nasir, defendant . . . ."); D.I. 123-1 ("[A]ttached you will find three (3) motions prepared and submitted by . . . Malik Nasir.") Nasir, however, was and continues to be represented by counsel – a point that, at least the Court believed, was both clear and consistent with Nasir's wishes as of the April 15, 2018 status conference. While the Court ordered that Nasir could supplement his motion for a new trial to present any additional argument as to why the pending motions should not be denied as untimely, the Court did not grant Nasir special dispensation to

file motions in a *pro se* capacity, separate and apart from his attorney. (*See* D.I. 122) Defendant has no right to a "hybrid representation." *McKaskle v. Wiggins*, 465 U.S. at 168, 183 (1984).

9. In any event, even if the Court were to consider the substance of Nasir's Supplemental Motion, it would not change the Court's decision. At bottom, the Supplemental Motion presents, at greater length, the same arguments contained in Nasir's Motion. First, Nasir reiterates that ineffective assistance of counsel is the reason his motions were untimely. (*See* D.I. 123 at 3-5, 9 of 27) Next, Nasir presents three additional claims of ineffective assistance of counsel (*see id.* at 18-22 of 27), which (for the reasons explained above) are premature and should be raised (if at all) on collateral review. Finally, Nasir again seeks reconsideration of the Court's order denying his suppression motion. (*See id.* at 24-26 of 27) Nasir, however, again fails to establish any of the requirements for reconsideration, arguing essentially that the Court should not have credited certain witnesses' testimony in the manner it did. (*See id.* at 26 of 27) Thus, whether or not considered on the merits, the Supplemental Motion must be denied.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE